## LIMITATION ON THE USE OF NATURAL GAS.

### Circuit Court of Clark County.

### THE CITY OF SPRINGFIELD V. THE SPRINGFIELD GAS COMPANY.*

### Decided, May 17, 1907.

*Corporations, Municipal and Commercial—Control of, where Operating Public Utilities—Void Provision in Grant to Natural Gas Company—Permitting the Supplying of Gas for Heat and Power, but not for Illuminating Purposes—Transfer of Rights to Artificial Gas Company—Ordinance—Injunction—Construction of Section 1777—Authorizing City Solicitor to Apply for Restraining Order.*

1. A city solicitor is clearly authorized under Section 1777, Revised Statutes, to bring suit in the name of the municipality to enjoin a public utility company from violating its obligations to the city and its inhabitants.

2. Such an action will lie, notwithstanding the corporation is acting under color of an ordinance, if the provision of the ordinance complained of is in excess of the power of council to grant.

3. A municipality is without authority to prescribe by ordinance that a commodity acquired by its inhabitants shall not be used for any purpose that is not dangerous or injurious; and a provision in the ordinance embodying a grant to a natural gas company, that gas shall not be furnished for illuminating purposes, but only for heating and power, is void, and the company may be compelled to either furnish gas for illuminating purposes or abandon its rights in the streets.

*Stewart L. Tatum*, City Solicitor, for plaintiff.
*Martin & Martin*, for defendant.

SULLIVAN, J.; DUSTIN, J., and WILSON, J., concur.

This case comes into this court on appeal. It is pending on a general demurrer to the petition, and also on a motion to dissolve the temporary restraining order. They present the same questions. Each admits the averments of the petition.

The demurrer was sustained by the court below, and the city not desiring to amend, its petition was dismissed, and a judgment

---

* Affirmed by the Supreme Court, without report, December 21, 1909.

entered against it for costs, from which judgment the city took an appeal.

The thorough and extensive briefs prepared and presented by the respective counsel show great and well directed industry, and have relieved the court, in its consideration of the case, from a great deal of labor. How far the authorities of other states cited are dependent upon the statutes of those states, where they are in apparent conflict with those of the courts of our own state, not having access to those statutes, we are not able to determine. However we are of the opinion that those of our own state fully support the conclusion we have reached upon this demurrer.

Counsel for defendant contend, first, that the city solicitor has not the authority to institute this action in the name of the city.

We will not read the petition, but simply state the substance of it. It sets forth that the plaintiff is a municipal corporation, classed as a city; that the defendant is a corporation organized under the laws of Ohio; that it was incorporated under the name of the Springfield Gas Light & Coke Company. A copy of its charter is attached to the petition. That in pursuance of the powers granted by said charter, it erected gas works, laid its mains and other pipes in the streets and alleys of the city, and upon the completion of the same began to deliver to the city and its inhabitants artificial gas manufactured by it, and ever since said date and now is manufacturing and selling artificial gas to the city and its inhabitants; that on the 21st day of January, 1906, its charter was amended; a copy of the amendment is also attached to the petition.

The charter before this amendment authorized the defendant to manufacture and sell artificial gas only. By the amendment it is authorized to sell and deliver gas to the city and the inhabitants thereof, no matter how produced.

On the 4th day of June, 1889, the council of the city, by ordinance, granted to the Springfield Natural Gas Company, a corporation organized under the laws of Ohio, the right to lay and maintain, in the streets and alleys of the city, pipes for the purpose of conveying through the same and supplying the city and

its inhabitants with natural or produced gas for heating, fuel and power purposes only. A copy of the ordinance is attached to the petition.

Some time in the year 1896 or 1897, the exact date the city is unable to state, the defendant acquired by purchase or otherwise all the property of the Springfield Natural Gas Company, including its pipes, appliances and franchises, and ever since, and is now, the owner of and in the exercise and enjoyment of the privileges and franchises granted said natural gas company by the city.

At the time of granting said franchise to the said natural gas company, the city, by ordinance, fixed the price of natural gas to be paid by the consumer at ten cents per thousand cubic feet, and the price of artificial gas was one dollar and a half per thousand cubic feet.

The city claims, and so avers, that its council had no authority to limit the use of natural gas to that of heat, fuel and power, when the use of it for illumination was one of its legitimate and recognized uses, supplying as safe, as good, and cheaper light than artificial gas. That the limitation was in contravention of the rights and interests of the people of the city, and in derogation of the right to use one's property for such purposes as one chooses.

The city then avers that the natural gas company did not regard the limitation, and in every instance, where a purchaser of natural gas used it for illuminating purposes, the company offered no objection, but furnished it for such purpose and accepted pay therefor; and that now natural gas is being furnished to a number of inhabitants of said city, and used by them for illuminating purposes. And this was done, and is being done, under the charter of the natural gas company, and with the knowledge of the city and its officers, and was done with the knowledge of the natural gas company, and also of the defendant; that with the knowledge that natural gas was being supplied to customers for illuminating purposes, and in good faith relying upon the supply for such purposes being continued, many inhabitants of said city, at great expense, have equipped their residences with appliances for the use of

natural gas for such purposes; that on the 14th day of May, 1906, council of said city passed an ordinance fixing the price of natural gas at twenty-five (25) cents per thousand cubic feet, for the period of three years after that date; that by virtue of all the foregoing facts, a contract has resulted between the city and the defendant, whereby the defendant is legally bound to supply the city and its inhabitants with natural gas for illuminating purposes, as well as those of heating, fuel and power; that the city is the owner of a certain piece of property, described in its petition, fully equipped for the use of natural gas for lighting purposes; that a number of the city's inhabitants have equipped their respective properties for the like use of natural gas, and are now using the same for such purpose, and that the defendant threatens to and will, unless restrained, in every one of said properties disconnect the appliances necessary and in use for the utilization of natural gas for lighting purposes—and the defendant threatens and, unless restrained, if the city and its inhabitants persist in the use of natural gas for illuminating purposes, will not supply either with natural gas for any purpose—and the city therefore prays that it may have a temporary restraining order preventing the defendant from executing any or all of said threatened wrongs, and that it may have a perpetual injunction against the defendant, and for all other and further relief in equity, to which it may be entitled upon proof of the facts set forth in its petition.

The question as to whether, under Section 1777, the city solicitor is authorized to institute this action, is one we think of not much difficulty. The claim here is that the defendant is violating its obligations to the city and its inhabitants, and its duty to the public, arising out of the facts averred herein, as to the respective easements granted to it and the natural gas company by the city, and that the defendant should either be compelled to discharge its obligation and its duty to the public, or or its rights and privileges granted by said easements should be forfeited.

The third paragraph of said section authorizes the city solicitor to bring suit in the name of the city for such purposes. By

said section, the city solicitor is also authorized to bring suit in the name of the municipality, challenging any act of its council where it is in excess or an abuse of its corporate power.

It is claimed that Section 1 of the ordinance, passed June 4, 1889, is void; that the limitation fixed by that section of the ordinance upon the use of natural gas was an act in excess of the city's corporate power.

In either or both cases we think the city solicitor is clearly authorized by Section 1777, Revised Statutes, to bring suit in the name of the corporation.

The facts set forth in the petition, being admitted by the demurrer, do they make it legally incumbent upon the defendant to supply the city, and such of its inhabitants as may desire it, natural gas for illuminating purposes?

The Legislature has expressly provided that corporations organized for the purpose of lighting municipalities, etc., may supply natural gas for such purposes; that such corporations shall have the power of eminent domain. They belong to the class known as public service corporations. Their property is "devoted to a use in which the public have an interest and to the extent of that interest must submit to be controlled by the public for the common good so long as such use is maintained." Munn v. Illinois, 94 U. S., 113.

Although authorized by the Legislature to occupy the streets and alleys of a city or village, yet the terms and conditions upon which a corporation may do this are to be fixed by the latter The municipality fixes the price to be charged for the gas, etc., furnished. The city could not grant to the Springfield Gas Light & Coke Company the exclusive use of its streets and alleys to lay its pipes to furnish artificial gas for lighting purposes; neither could it grant to the natural gas company the exclusive use of the streets and alleys to supply natural gas for heat, fuel and power. This latter company could have had included in its charter express corporate authority to supply the city of Springfield and its inhabitants with natural gas for illuminating purposes. It is not apparent how the state could have had any interest in omitting or withholding such power.

We think it could not have been suggested by state authority.

The effect of the omission or the withholding of such corporate authority was the creation of a monopoly in the Springfield Gas Light & Coke Company to furnish gas to the city and its inhabitants for lighting purposes. The petition avers that the use of natural gas for light was just as safe, gives just as good light as the artificial gas, and was and is much cheaper. The effect therefore was to destroy competition and prevent the public from availing itself of the cheaper commodity; and notwithstanding the charter of the natural gas company did not include authority to furnish natural gas for illuminating purposes, it could still do so. *The Circleville Light & Power Co.* v. *Buckeye Gas Company*, 69 O. S., 259; same case, 1 C. C.—N. S., 526.

The company could, we think, contract with the city and its inhabitants to supply both with natural gas for such purpose. It seems to have understood this to be its right, and hence at the time it sold and transferred all of its property, including its franchises in the streets and alleys of the city, it was and had theretofore been furnishing natural gas for such purpose. This was generally known by those in control of both companies.

The defendant, acquiring by purchase all the rights, privileges and franchises of the natural gas company in the city's streets and alleys, for the conveyance and sale of natural gas to the city and its inhabitants, and continuing in the use of said streets and alleys for such purpose, its obligation to the city and its inhabitants is the same as that of the natural gas company. The latter became legally bound to continue to supply those with whom it had contracted to furnish the gas for light, so long as it exercised its easement in the streets and alleys. It could not discriminate between any of the inhabitants, by furnishing to some and refusing others, and therefore would be bound to furnish it for light to all who desired it, complying with the requisites of the company and paying for the gas. In our opinion, the same obligation rests upon the defendant.

Under the rule that one has the right to make such use of his property as one may choose, such use not being unlawful nor

injurious to the person or property of others, the purchaser of natural gas, after the commodity became his property, may use it for lighting his premises upon a compliance with the company's method for its deliverance.

A municipality has not the authority to prescribe by ordinance that its inhabitants shall not use property acquired for any purpose, neither dangerous nor injurious.

This court held, in the case of *The State* v. *The Dayton Traction Company and others,* 18 Ohio Circuit Court Reports, 490, that where a city grants permission to a street railway company to construct its road in its streets, it may not do so upon the condition that the company does not exercise one of its corporate powers, and therefore a condition or regulation that the company shall not carry freight, is void. This judgment was afterwards affirmed by the Supreme Court.

If a city ordinance containing such regulation is void, for the want of power in the city to exact such a condition, it follows, we think, that an ordinance limiting the use of a commodity, such as natural gas, conceded to be safe and available for illuminating purposes, to that of fuel, heat and power, is void also for the same reason. If the city can not in the one case, for the lack of power, require the corporation to contract away the right to exercise one of its corporate powers, it would certainly be without power in the other case to deprive the city and its inhabitants, by ordinance, of a common right.

We are therefore of the opinion that Section 1 of the ordinance passed on the 4th of June, 1889, in so far as it limits the use of natural gas to that of fuel, heat and power, is void.

It is contended by counsel for the defendant that the remedy here sought, being that of specific performance, that upon the facts stated in the petition, such a decree could not be executed. The prayer of the petition is in the alternative, and if the facts stated should be fully sustained by competent testimony, a court of equity would have no difficulty in discovering a remedy to correct the evil.

We are, therefore, of the opinion that neither the demurrer nor motion are well taken, and the same are therefore overruled, at the cost of the defendant.